UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN KING, ) | CASE NO. ED CV 12-631-JSL (PJW) |
| ) | |
| Petitioner, ) | ORDER TO SHOW CAUSE WHY PETITION |
| ) | SHOULD NOT BE DISMISSED |
| v. ) | |
| ) | |
| WARDEN, ) | |
| ) | |
| Respondent. ) | |

On April 25, 2012, Petitioner filed a petition for writ of habeas corpus ("April Petition"), seeking to challenge his June 2010 state conviction for rape, making terrorist threats, vandalism, spousal battery, and false imprisonment. (April Petition at 2; *see also People v. King*, 2012 WL 9705, at *1 (Cal. App. 2012).) In the petition, he claimed that the trial court erred in admitted evidence of a prior plea agreement. (April Petition at 5.) After the Court ordered the petition to be served, on May 14, 2012, Petitioner submitted a second petition, challenging the same conviction, but raising a different claim, namely, that his trial counsel provided ineffective assistance. (Petition of May 14, 2012 at 3-4.) On May 21, 2012, the Court issued a minute order, directing Petitioner to clarify which claims he was attempting to raise.

On June 22, 2012, Petitioner filed a First Amended Petition ("FAP").[1] In the FAP, Petitioner now raises the following claims: trial counsel provided ineffective assistance by failing to properly investigate and by giving incompetent advice with respect to plea bargaining; and appellate counsel provided ineffective assistance by failing to raise these issues on appeal. (FAP at 3, 4, and attached pages.)

As a matter of comity between state and federal courts, a federal court generally will not address the merits of a habeas corpus petition unless the petitioner has first exhausted his state remedies, i.e., sought state court review of every ground presented in the petition by presenting it to the highest state court. *Rose v. Lundy*, 455 U.S. 509, 518-22 (1982). Indeed, the law governing habeas petitions provides that a habeas petition brought by a person in state custody *cannot be granted* "unless it appears that--(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(I) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). To exhaust state remedies, a petitioner must fairly present his contentions to the state courts, and the highest court of the state must dispose of them on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 844-45 (1999). A district court may raise a failure to

---

[1] In a letter attached to the FAP, Petitioner asks the Court to disregard his first two petitions. Although the Court recognizes that Respondent has already spent time preparing and filing an Answer to the April Petition, it will nevertheless grant Petitioner's request to dismiss them.

1  exhaust *sua sponte*. *Stone v. San Francisco,* 968 F.2d 850, 856 (9th Cir. 1992.)

In the FAP, Petitioner has indicated that he did not raise his claims of ineffective assistance of counsel in the California Supreme Court. (*See* FAP 8 at 6-13.) He states that he did not raise these claims because his lawyer never advised him to do so. (FAP at 8-13.) Thus, it appears that the Petition is completely unexhausted and is subject to dismissal on that basis. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). Petitioner must first present his claims to the state supreme court and have that court decide them on their merits before he can proceed in this Court.

IT IS THEREFORE ORDERED that, no later than **August 10, 2012**, Petitioner shall inform the Court in writing why this case should not be dismissed for failure to exhaust. Failure to timely file a response will result in a recommendation that this case be dismissed without prejudice to refiling once he has exhausted his claims.

DATED:    July 10, 2012

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-State Habeas\KING, M 631\OSC dismiss pet.wpd

3